■ RONALD J. TURCOTTE et al., Appellants-Respondents, v JEFFREY FELL et al., Respondents-Appellants, et al., Defendants.—In an action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), entered February 23, 1984, as granted the motions of defendants Fell and Reynolds for summary judgment dismissing their complaint as against those defendants, and defendants Fell and Reynolds cross-appeal from so much of the same order as granted plaintiffs leave to serve an amended complaint.

Cross appeals dismissed as abandoned.

Order affirmed, insofar as appealed from by plaintiffs.

Defendants Fell and Reynolds are awarded one bill of costs.

Defendant Fell owed a duty to his fellow jockey, plaintiff Ronald Turcotte, to refrain from reckless or intentionally harmful conduct, but because of the dangers inherent in the sport of thoroughbred horse racing, that duty did not extend to merely negligent conduct *(see, Clapman v City of New York,* 63 NY2d 669; *Davidoff v Metropolitan Baseball Club,* 61 NY2d 996; *Akins v Glens Falls City School Dist.,* 53 NY2d 325; *Ross v Clouser,* 637 SW2d 11 [Mo]; *Nabozny v Barnhill,* 31 Ill App 3d 212, 334 NE2d 258; Ann., 13 ALR4th 623; Ann., 77 ALR3d 1300). Special Term correctly granted Fell's motion for summary judgment since the Turcottes' complaint did not allege, and there was no evidence before the court of, recklessness or intentional infliction of injury on the part of Fell. Reynolds was also properly granted summary judgment since any claim against him was strictly derivative in nature, based on the allegation that he was the employer of Fell. O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur. [123 Misc 2d 877.]